IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR ARTEAGA-BIRETTA, Petitioner, vs. UNITED STATES OF AMERICA, Respondent. | No. CV-F-99-6678 OWW (No. CR-F-97-5150 OWW) MEMORANDUM DECISION AND ORDER DISMISSING PETITIONER'S MOTIONS FOR RECONSIDERATION FOR LACK OF JURISDICTION (Docs. 183, 184, 188, 199, 204) |

On November 24, 1999, Petitioner Salvador Arteaga-Biretta timely filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner claimed as grounds for relief: (1) newly discovered evidence that demonstrates Petitioner is actually innocent of the crimes for which he was convicted and sentenced; (2) his right to a speedy trial was violated; (3) his right to bail was violated; and (4) he was denied the effective assistance of counsel because counsel: (a) failed to appeal his conviction, (b) failed to move for dismissal for violation of Petitioner's speedy trial rights, (c) failed to

**move for dismissal based on the violation of Petitioner's right to bail, (d) failed to negotiate a plea deal similar to that offered to Petitioner's co-defendants, and (e) failed to consult with Petitioner, interview witnesses, investigate, cross-examine, object to comments by the prosecutor in opening and closing argument, and argue at the suppression hearing that Petitioner's confession was the result of government threats. Petitioner also amended his motion to add a claim for relief based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000). After the United States filed a response to the motion and Petitioner filed a reply, Petitioner's Section 2255 motion was denied on the merits and a certificate of appealability declined by Memorandum Decision and Order filed on March 6, 2003 (Doc. 178). Petitioner did not file an appeal from the denial of his Section 2255 motion.**

**On May 10, 2004, Petitioner filed a "Motion to Enlarge the Time for Filing an [sic] Response to This Court's Memorandum and Order Entered on March 6, 2003." (Docs. 179 & 180). By this Motion, Petitioner:**

> **moves, pursuant to Fed.R.Civ.P. 60(b)(6), for this court to reconsider the above referenced portion of its March 6, 2003, Memorandum and order [sic], furthermore, a Rule 60(b)(6) Motion can be granted even when the moving party is guilty of neglect for failing to disclose certain information prior to the judgment was entered, if the previously undisclosed information is central to the litigation that it shows, the initial judgment to have been Manifestly unjust' See COMPUTER PROFESSIONALS FOR SOCIAL RESPONSIBILITY V. UNITED STATES SECRET SERVICE, 72 F.3d 897, 903 (D.C.Cir.1996). Finally, Petitioner takes full responsibility**

> **for its failure, to raise some the arguments it is now want to presenting in its present petition to this courts March 6, 2003 order entered here. And**
>
> **Accordingly, the petitioner therefore are requesting that this Honorable court to enlarge the time for filing a response to this court's memorandum and order, in his opposition, the petitioner briefly will explained the method by this hes Federal sentence imposed on the firearm charges is in violation of the United states Constitution, and the right to effective Assistance of counsel., where**
>
> **(1). Defense counsel allowed the District court and Magistrate judge to Misrepresent the true nature of the Firearm charges.,**
>
> **(2). Defense counsel Misrepresented the true nature of the offense charged in count three of the indictment.**
>
> **(3). Defense counsel's performance prejudiced petitioner's case when counsel willfully allowed Salvador Arteaga to remain ignorant, of the true nature of the weapon charge in the indictment.**
>
> **(4). Defense counsel allowed Salvador Arteaga, under the total effect of 1, 2, 3, above, to remain ignorant of the true nature of the weapon issues. [SIC]**

**By Order filed on May 19, 2004, (Doc. 181), Petitioner's Motion to Enlarge was denied:**

> **This motion is an obvious attempt to avoid the bar of the limitations period for filing any notice of appeal. Petitioner seeks to 'enlarge the time for filing a response to the Court's Memorandum and Order entered on March 6, 2003.' There is no right to file a response to the Court's final decision nor to have a hearing thereon.**

**On March 7, 2005, Petitioner filed a "Motion for an Extension of Time for Filing an [sic] Response in Opposition to**

**the Court's Order Entered on March 6, 2003" (Doc. 184). This motion asserts that Petitioner asserts that "Ms:URTIEW testimony is plainly contrary to the physical evidence dound at kern County property;" that the prosecution did not present sufficient evidence at trial for the jury to find that the substance seized by police officers at the Kern County laboratory site contained "D-pseudoephedrine Hc1; that counsel was ineffective because of his failure to raise these issues; that "[t]here is considerable evidence which was not brought out at trial, some of which because of ineffective Assistance of counsel[, s]ome of which is because of <u>BRADY</u> material;" and that Petitioner was denied the effective assistance of counsel because:**

> **(1). Defense counsel allowed the District court and Magistrate Judge to misrepresent the true nature of the substance that were seized on May 30, 1997.**
>
> **(2). Defense counsel misrepresented the true nature of the charged on counts 1 and 2 of the indictment.**
>
> **(3). Defense counsel performance prejudiced petitioner's case when counsel willfully fails to examine the report of investigation related to the substance found on May 30, 1997.**

**Petitioner further asserts in this motion:**

> **The court shall finds that there was error in sentenced petitioner on the basis of manufacture of methamphetamine, since the substance that were seized, its - cintaine <u>D-pseudoephedrine Hc1</u> And <u>Isopropanol</u>,. and its contains no controlled substance. BASICALLY, The petitioner shows that it is based on Newly discivery grounds of which, he could not have had knowledge by the exercise of reasonable deligence for the circumstance**

> **prejudicial to the government occurred where petitioner did not rely on such grounds in his first motion, because he had previously been unaware of significance of relevant facts.**

**Petitioner submits as an exhibit to his March 7, 2005 motion copies of D.E.A. reports of drug property collected, purchased or seized, which analyze the chemical component of substances found in items seized from the Kern County methamphetamine laboratory site that Petitioner obtained on November 20, 2004 from the D.E.A. through the Freedom of Information Act. (Docs. 185 & 186). These reports show either no controlled substances found in the specific items being analyzed, or the presence of "d-Methamphetamine HC1," "d-Pseudoephedrine HC1," or "d-Pseudoephedrine."**

**On April 18, 2005 Petitioner filed a "Memorandum of Points and Authorities in Support of Movant's/Petitioner's Motion to Reconsider, In Limite Reference to the Court's Order of March 6, 2003." (Doc. 189). In the Memorandum, Petitioner asserts that the evidence at trial was not sufficient to support his conviction; that the conspiracy of which he was convicted was multiplicious; that the jury's acquittal of two of the charges against him undermines the credibility of the evidence admitted at trial; that some of the items seized from the Kern County methamphetamine laboratory site was destroyed by Laidlaw Environmental Service because they were deemed contaminated and hazardous; that the Court erred at sentencing in finding that Petitioner was not entitled to an adjustment for minor or minimal**

role in the offense and in imposing a 2-level enhancement pursuant to USSG § 3B1.1(c) and a 2-level enhancement pursuant to USSG § 2D1.1(b)(2). Petitioner's April 18, 2005 Memorandum of Points and Authorities is supported by the same exhibits submitted in support of his March 7, 2005 motion. (Doc. 190). In addition, Petitioner submits as Exhibit 2 a copy of the report of Petitioner's arrest and report of investigation prepared by the D.E.A. to show that "the Enforcement Officers (Sheriff's Narcotic Unit), Agents Acted without the Authority of a legal, Search warrant and Arrest warrant in violation of movant's/Affiant's Fourth Amendment Rights ... Where the government had also comit perjuriou testimony, at trial, related to the above-warrant." (Doc. 191).[1]

On May 2, 2005, Petitioner filed a "Supplement to Movant/Petitioner's Motion to Reconsider In Limite Reference to the Court's Order of March 6, 2003." (Doc. 193). In this Supplement, Petitioner appears to argue that the "Order Re Defendant's Motion for Appointment of New Counsel" filed on January 8, 1999, (Doc. 129), and the "Order Denying Defendant's Motion for Extension of Time to File Appeal" filed on August 5, 1999, (Doc. 131), were error because a "Notice of Appeal was

---

[1]Petitioner submits as Exhibit 3 in support of the April 18, 2005 Memorandum a copy of a declaration executed by David Madrigal on August 25, 1999 in which Madrigal avers that he hired Petitioner to repair the fence on his ranch, and a copy of a purchase agreement between David Madrigal and Pedro Garcia Chavez. These exhibits were considered and rejected in the March 6, 2003 Order denying Petitioner's Section 2255 motion.

**timely filed by the District's Court Judge: Oliver W. Wanger and the Clerk's Office erred by not forwarding the Notice of Appeal to the Ninth Circuit.[2] Petitioner further asserts that the District Court lacked subject matter jurisdiction:**

> **The Statute that was allegedly violated, and charged in the Indictment, Title 21 U.S.C. & 841(A)(1)., Said statute is invalid, void, or non-existent law,. it has been repealed,. it is not a valid law. The prosecution has indicted the defendant without Jurisdiction under Title 21 U.S.C. section 841(A)(1). The answer to this is printed in the 2001 edition if Federal criminal codes and Rules at pages 11-79-90, under Codification, which states that:**
>
>> **The indictment failed to state the penalty for the drug offense under & 841(b) which can increase the penalty significantly for drug offenses under & 841(A)(1). [SIC]**

**Submitted in support of Petitioner's May 2, 2005 Supplement as Exhibit 1 is a copy of the June 8, 1999 Order. (Doc. 194). Submitted as Exhibit 2 in support of the May 2, 2005 Supplement is a letter from defense counsel Elia to Petitioner dated June 29, 1999, responding to Petitioner's letter dated June 10, 1999. (Doc. 195). Also submitted as an exhibit is another copy of the D.E.A. reports stating that certain items seized at the Kern County methamphetamine laboratory were disposed off. (Doc. 196).**

**On May 13, 2005, Petitioner filed a "Certificate Regarding**

---

**[2]Petitioner also asserts that he was denied the effective assistance of counsel because defense counsel advised Petitioner not to proceed with an appeal. This claim was rejected on the merits in the March 6, 2003 Order denying Petitioner's Section 2255 motion.**

**Affiant's Arguments and Sworn Affidavit in Support Movant's Motion for Reconsideration." (Doc. 197). In the May 13, 2005 Certificate, Petitioner contends that there was no corroboration of Deputy Bruce Saunders' opinion at trial that what was found at the Kern County site was a fully operational, clandestine methamphetamine laboratory capable of producing 30 pounds of methamphetamine and the officers who testified at trial were not proffered or qualified as expert witnesses pursuant to the Federal Rules of Evidence. Submitted as Exhibit 1 in support of Petitioner's Clarification is a copy of a synopsis of a decision by the Maryland Court of Appeals concerning the admission of expert testimony. (Doc. 198).**

**On January 24, 2006, Petitioner filed an "Application for Ruling on Pending Motions and Requesting for Reinstatement of His Case in the Ground Consistent with Newly Discovered Evidence or In Alternative for Summary Judgment Herein." (Doc. 199). In this Application, Petitioner largely reiterates claims and arguments previously raised in the pleadings filed since the March 6, 2003 Order was issued. However, Petitioner asserts that his conspiracy conviction is not supportable because there is no proof that "a principal criminal offense was committed;" that his conviction of conspiracy and aiding and abetting violates Double Jeopardy; that the District Court "did not make individualized, findings of drug types, the Court failed to make Specific, drug type finding and the evidence was insufficient to show that the Alleged substance seized by the Agents was actually,**

**'METHAMPHETAMINE', in violation of petitioner's rights under *Blakely v. Washington*, 542 U.S. 296 (2004); that the District Court erred in calculating his sentence under USSG 2D1.1, comment note 12; and the indictment failed to allege an essential element of the offense. Petitioner's January 24, 2006 Application is supported by Petitioner's affidavit, (Doc. 200), the DEA chemical analysis and destruction of items reports, (Doc. 201), and a copy of the docket in this action (Doc. 202).**

**On February 7, 2006, Petitioner filed "Movant's Motion for Summary Judgment In Support of Movant's Application for Ruling on Pending Motions Thereon." (Doc. 204). Petitioner's motion for summary judgment appears to reiterate claims and arguments made since the March 6, 2003 Order denying his Section 2255 motion. It is supported by Petitioner's affidavit, (Doc. 205), and another copy of the DEA chemical analysis and destruction of items reports. (Doc. 206).**

**Petitioner's various motions are deemed to be motions for reconsideration pursuant to Rule 60(b), Federal Rules of Civil Procedure.**

**In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court discussed the interaction between Rule 60(b), Federal Rules of Civil Procedure, and the AEDPA. After noting that the AEDPA and its decisions make clear that a "claim" "is an asserted federal basis for relief from a ... judgment of conviction", *id.* at 530, the Supreme Court stated:**

> **In some instances, a Rule 60(b) motion will**

**contain one or more 'claims.' For example, it might straightforwardly assert that owing to 'excusable neglect.' Fed. Rule Civ. Proc. 60(b)(1), the movant's habeas petition had omitted a claim of constitutional error, and seek leave to present that claim ... Similarly, a motion might seek leave to present 'newly discovered evidence,' Fed. Rule Civ. Proc. 60(b)(2), in support of a claim previously denied ... Or a motion might contend that a subsequent change in substantive law is a 'reason justifying relief,' Fed. Rule Civ. Proc. 60(b)(6), from the previous denial of a claim ... Virtually every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly ....**

**We think those holdings are correct. A habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a 'habeas corpus application,' at least similar enough that failing to subject it to the same requirements would be 'inconsistent with' the statute. 28 U.S.C. § 2254 Rule 11. Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction - even claims couched in the language of a true Rule 60(b) motion - circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts. § 2244(b)(2). The same is true of a Rule 60(b)(2) motion presenting new evidence in support of a claim already litigated: even assuming that reliance on a new factual predicate causes that motion to escape § 2244(b)(1)'s prohibition of claims 'presented in a prior application,' § 2244(b)(2)(B) requires a more convincing factual showing than does Rule 60(b). Likewise, a Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent § 2244(b)(2)(A)'s dictate that the only new law on which a successive petition may rely is 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was**

> **previously unavailable.' In addition to the substantive conflict with AEDPA standards, in each of these three examples use of Rule 60(b) would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar. § 2244(b)(3).**
>
> **In most cases, determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple. A motion that seeks to add a new ground for relief ... will of course qualify. A motion can also be said to bring a 'claim' if it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred by denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief.**

***Id.*** **at 531-532. However, the Supreme Court ruled:**

> **That is not the case ... when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.**

***Id.*** **at 532. The Supreme Court noted:**

> **Fraud on the federal habeas court is one example of such a defect. See generally *Rodriguez v. Mitchell*, 252 F.3d 191, 199 (CA2 2001)(a witness's allegedly fraudulent basis for refusing to appear at a federal habeas hearing 'relate[d] to the integrity of the federal habeas proceeding, not to the integrity of the state criminal trial'). We note than an attack based on the movant's own conduct, or his habeas counsel's omissions, see, *e.g., supra*, at 530-531, ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably.**

**Here, all of the various claims asserted by Petitioner in his pleadings since the March 6. 2003 Order denying his Section**

**2255 motion either seek to reargue the claims denied on the merits or to assert new and different claims for relief. Petitioner makes no claim of defect in the Section 2255 proceedings.**

**Therefore, Petitioner's various motions for reconsideration must be construed as a second or successive motions pursuant to Section 2255 governed by 28 U.S.C. § 2244. *Thompson v. Calderon*, 151 F.3d 918, 921 (9th Cir.), *cert. denied*, 524 U.S. 965 (1998). Consequently, this court lacks jurisdiction to consider the merits of these motions absent authorization from the Ninth Circuit Court of Appeals. *United States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998).**

**Accordingly, for the reasons stated:**

**1. Petitioner's motion docketed as Documents 183, 184, 188, 199, 204 are DISMISSED FOR LACK OF JURISDICTION.**

**2. The Clerk of the Court is directed to enter JUDGMENT FOR RESPONDENT.**

IT IS SO ORDERED.

**Dated: August 1, 2008** **/s/ Oliver W. Wanger**
UNITED STATES DISTRICT JUDGE